## In re PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION.

### This Document Relates to

City of New York et al. v. Abbott Laboratories, et al. Civ. Action No. 04–cv–06054, et al.

County of Nassau v. Abbott Laboratories, et al. Civ. Action No. 05–cv–10179.

MDL No. 1456.
Civil Action No. 01–12257–PBS.

United States District Court, D. Massachusetts.

July 30, 2007.

Jeffrey B. Aaronson, Bell, Boyd & Lloyd, Chicago, IL, for Baxter International, Inc.

Marc E. Ackerman, Harris Beach LLP, Lara A. Berwanger, White & Case LLP, Brian L. Bank, White & Case LLP, New York, NY, for Sandoz, Inc.

Joseph G. Adams, Snell & Wilmer LLP, Phoenix, AZ, Jason E. Baranski, Morgan Lewis & Bockius, LLP, Philadelphia, PA, for Pharmacia & Upjohn, Inc.

Pamela Zorn. Adams, Sherin and Lodgen LLP, Boston, MA, for Gensia Sicor Pharmaceuticals, Inc.

Kenneth W. Africano, Harter, Secrest Law Firm, Buffalo, NY, for Allergan Inc.

Kevin N. Ainsworth, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York, NY, P. Ryan Beckett, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Eli Lilly and Company.

Neil Alden, Curtis Bergen, Bowman and Brooke LLP, Phoenix, AZ, Jason Bruno, Dickstein Shapiro Morin & Oshinsky LLP,

Washington, DC, for Baxter Healthcare Corp.

Brooks A. Ames, DLA Piper Rudnick Gray Cary U.S. LLP, Boston, MA, for Cardinal Health, Inc.

C. Jarrett Anderson, Anderson LLC, Austin, TX, Gary L. Azorsky, Berger & Montague, PC, Philadelphia, PA, James J. Breen, The Breen Law Firm, P.A., Alpharetta, GA, for Ven–A–Care of the Florida Keys Inc.

Anthony J. Anscombe, Melanie Matison Brown, Sedgwick Detert Moran & Arnold, Chicago, IL, for Bristol–Myers Squibb Company.

Justin S. Antonipillai, Arnold & Porter, Washington, DC, Scott A. Birnbaum, Birnbaum & Godkin, LLP, Boston, MA, for Ethex Corporation.

Melissa Aoyagi, Davis Polk & Wardwell, New York, NY, Michael P. Boudett, Jessica Vincent Barnett, Foley Hoag LLP, Boston, MA, for Astrazeneca Pharmaceuticals LP.

Martin A. Aronson, Morrill & Aronson, Phoenix, AZ, for Fujisawa Healthcare, Inc.

Daniel F. Attridge, Kirkland & Ellis, Washington, DC, for B. Braun Medical Inc.

Megan M. Auchincloss, Morrison & Foerster LLP, Denver, CO, for Purdue Pharma L.P.

Pamela J. Auerbach, Kirkland & Ellis LLP, Washington, DC, for Barr Laboratories, Inc.

Jennifer Aurora, Sedgwick, Detert, Moran & Arnold LLP, New York, NY, for Organon Pharmaceuticals USA, Inc.

Violeta I. Balan, Mayer, Brown, Rowe & Maw LLP, Chicago, IL, for Johnson & Johnson.

Mitchell J. Banas, Jr. Jaeckle Fleischmann & Mugel LLP, Buffalo, NY, for Biogen Idec, Inc.

Susan Hughes Banning, Hemenway & Barnes, Boston, MA, for Neighborhood Health Plan, Inc.

Anita Bapooji Ryan, Robert P. Blood, Goodwin Procter LLP, Boston, MA, for TAP Pharmaceutical Products, Inc.

Scott A. Barbour, McName, Lochner, Titus & Williams, Albany, NY, Patrick M. Bryan, Kirkland & Ellis LLP, Washington, DC, for Ivax Corp.

Steven F. Barley, Hogan & Hartson, LLP, Baltimore, MD, Douglas S. Brooks, Kelly, Libby & Hoopes, PC, Boston, MA, for Amgen Inc.

Charles Barnhill, Miner, Barnhill & Galland, Madison, WI, for Commonwealth of Kentucky.

Christopher K. Barry–Smith, Office of the Attorney General, Boston, MA, for State of Massachusetts.

S. Paul Battaglia, Bond, Schoeneck & King PLLC, Syracuse, NY, for PAR Pharmaceutical, Inc.

Jon Steven Baughman, Stacy D. Belf, Ropes & Gray LLP, Washington, DC, Sheila L. Birnbaum, Skadden, Arps, Slate, Meagher & Flom, New York, NY, Daniel J. Bennett, Ropes & Gray LLP, Boston, MA, for Schering–Plough Corporation.

Edwin Baum, Elise M. Bloom, Proskauer, Rose Law Firm, New York, NY, for Biovail Pharmaceuticals, Inc.

Rebecca Bedwell–Coll, Mascone, Emblidge & Quadra, San Francisco, CA, for Constance Thompson.

Terrianne Benedetto, Kline & Specter, Philadelphia, PA, for International Union of Operating Engineers, Local No. 68 Welfare Fund.

Elizabeth M. Bergen, Gibson, McAskill Law Firm, Buffalo, NY, Rex Blackburn, Blackburn & Jones, Boise, ID, Nancy M. Bonnell, West Washington, Phoenix, AZ, for Abbott Laboratories, Inc.

Mark A. Berman, Hartmann Doherty Rosa & Berman, LLC, Hackensack, NJ, for Berlax Laboratories, Inc.

Steve W. Berman, Hagens Berman Sobol Shapiro LLP, Seattle, WA, for Shirley Geller.

David J. Bershad, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY, Nicole Y. Brumsted, Lieff Cabraser Heimann & Bernstein, LLP, Boston, MA, for Citizens for Consumer Justice.

Adelina O. Berumen, California Department of Justice, Bureau of Medi–Cal Fraud, San Diego, CA, for State of California.

Aimee E. Bierman, Kirkpatrick & Lockhart Preston Gates Ellis LLP, Boston, MA, for Aventis Behring LLC.

Brandon L. Bigelow, Bingham McCutchen LLP, Boston, MA, for Takeda Pharmaceuticals North America, Inc.

Steven E. Bizar, Buchanan Ingersoll, P.C., Philadephia, PA, for Amerisource-Bergen Corporation.

Sam B. Blair, Jr., Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C., Memphis, TN, for Monarch Pharmaceuticals, Inc.

Lynn M. Blake, Freidman, Hirschen Law Firm, Albany, NY, for Eisai, Inc.

Lynn M. Blake, Freidman, Hirschen Law Firm, Albany, NY, for Genzyme Corporation.

Jack B. Blumenfeld, Morris, Nichols, Arsht, & Tunnell, Wilmington, DE, for Astrazeneca PLC.

Anthony Bolognese, Bolognese & Associates, Philadelphia, PA, for Health Benefits Fund.

Neville H. Boschert, Watkins, Ludlam, Winter & Stennis, P.A., Jackson, MS, for Ivax Pharmaceuticals, Inc.

Ali Bovingdon, Helena, MT, for State of Montana.

Felix Lee Bowie, III, Davidson, Bowie & Sims, PLLC, Jackson, MS, for Wyeth.

George Ian Brandon, Sr., Squire Sanders & Dempsey, LLP, Phoenix, AR, for Apothecon, Inc.

Jeniphr Breckenridge, Hagens Berman Sobol Shapiro, LLP, Seattle, WA, for Plaintiffs.

Thomas W. Breidenstein, Barrett & Weber, Cincinnati, OH, for State of Ohio.

Julie B. Brennan, Manchel & Brennan, P.C., Newton, MA, for UnitedHealthcare, Inc. & United HealthCare Insurance Company.

Kenneth J. Brennan, John Anthony Bruegger, SimmonsCooper LLC, East Alton, IL, for Edward West.

Charlie Bridgmon, McCutchen, Balnton, Rhodes & Johnson, Columbia, SC, for State of South Carolina.

Ross B. Brooks, Milberg Weiss & Bershad LLP, New York, NY, for County of Nassau.

Raymond L. Brown, Brown, Buchanan & Sessoms, PA, Pascagoula, MS, for Astrazenca LP.

Bill L Bryant, Jr., Akerman Senterfitt, Tallahassee FL, for Boehringer Ingelheim International GMBH.

Michael M. Buchman, Milbert, Weiss, Bershad, Hynes & Lerach, LLP, New York, NY, for Colorado Progressive Coalition.

## ORDER

SARIS, District Judge.

Defendant pharmaceutical manufacturers have filed a renewed motion to dismiss plaintiff New York Counties' First Amended Consolidated Complaint ("FACC"), which plaintiffs amended in response to this Court's April 2, 2007 memorandum and order allowing-in-part and denying-in-part defendants' first motion to dismiss. *See City of New York v. Abbott Labs.*, No. 01–cv–12257, 2007 WL 1051642 (D.Mass. April 2, 2007). The background to this motion was set out in detail in the Court's first Order, and will not be repeated here. After a hearing and review of the briefs, the Court *ALLOWS–IN–PART* and *DE-NIES–IN–PART* defendants' motion to dismiss.

1. The Court *ALLOWS* defendants' motion to dismiss all new drugs not listed in the initial Consolidated Complaint or Nassau County Complaint and attached exhibits. Defendants' motion is *DENIED* with respect to new NDC's and spreads pleaded in the FACC for the remaining drugs.

2. The Court *DENIES* defendants' motion to dismiss all Physician Administered Drugs. The plaintiffs have, at this stage of the proceedings, adequately alleged that the Counties reimbursed for these drugs on the basis of false or inflated Average Wholesale Prices submitted by defendants.

3. The Court *DENIES* defendants' motion to dismiss drugs subject to a Federal Upper Limit ("FUL"). Defendants argue that plaintiffs have not adequately alleged that defendants' submission of false or inflated published prices caused the Counties to overpay for drugs reimbursed through the state Medicaid program. (*See* Br. of the United States on the Federal Upper Limit, Docket No. 4413.) Under the terms of the applicable regulations, 42 C.F.R. § 447.332(a)(1)(ii), plaintiffs must allege that defendants submitted false or inflated *published* prices which, if truthful, would likely have affected the FUL. The plaintiffs and defendants shall each select five drugs subject to FUL reimbursement. Plaintiffs shall specifically make allegations with false published prices on those ten drugs. Discovery shall proceed on those FUL drugs only. The Court will address the plaintiffs' FUL claims as to those drugs on summary judgment with expert assistance and a more complete record.

4. The Court *DENIES* defendants' motion to dismiss all drugs for which plaintiffs have alleged a spread of 20–25%. However, discovery is stayed for all drugs with spreads lower than 30% until such time as the plaintiffs submit an expert affidavit providing a good faith basis for a 20–25% spread threshold.

5. Plaintiffs may not calculate the Actual Acquisition Cost of drugs at $0.01. Plaintiffs shall allege a weighted average, or typical, price for each drug calculated on a reasonable, good faith basis consistent with this Court's prior opinions. *See, e.g., City of New York v. Abbott Laboratories*, No. 01–cv–12257, 2007 WL 1051642, at 15, n. 8 (D.Mass.2007); Memorandum and Order, Docket No. 1482 (April 8, 2005). The Plaintiffs shall file an amended exhibit. I need not address the defendants' argument that plaintiffs are not using the appropriate classes of trade at this stage of the litigation.